**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| R.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:26-cv-363-MTT-AGH |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER

Pending before the Court are Plaintiff's (1) Motion for Preservation and Production of Records (Motion for Preservation) (ECF No. 3), (2) Motions[1] for Declaratory, Injunctive, and Mandamus Relief (Motions for Records) (ECF Nos. 4, 5), and (3) Notice and Motion Regarding the Origin and Authenticity of Purported Objective Medical Evidence (False Evidence Motion) (ECF No. 11). Based on the following review, the Court denies all of these motions.

On August 20, 2026, Plaintiff filed a complaint appealing a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g), providing numerous arguments in support like those a plaintiff might provide in a brief in support of appeal much later in a social security appeal case (ECF No. 1).[2] Since then, Plaintiff filed the motions

[1] While these two identical submissions were titled Complaints for Declaratory, Injunctive, and Mandamus Relief (ECF Nos. 4, 5), the Court finds they are motions, not supplements to or replacements of Plaintiff's complaint (ECF No. 1).

[2] A plaintiff's brief in support of appeal is due thirty (30) days after the Commissioner files an answer. *See* Rules 4, 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

mentioned above, with all but one seeking from the Commissioner not only documents that would generally be included in an administrative record, but also electronic records, communications, tracking records, and archived records not often included in administrative records. Motion for Preservation 2-3, ECF No. 3; Motions for Records 2-4, ECF Nos. 4, 5. As for Plaintiff's False Evidence Motion, Plaintiff argues therein that diagnostic conclusions regarding chronic peripheral neuropathy, severe spinal abnormality, and degenerative lower back disc are true, but any other diagnostic examinations or conclusions other than these to be submitted by the Commissioner are false documents. False Evidence Mot. 1-2, ECF No. 11. Plaintiff also argues that if any such false documents are filed, those documents should be referred to the Office of the Inspector General (OIG). *Id.* at 2-3.

The Commissioner argues, among other things, that (1) the Motion for Preservation should be denied because the Commissioner has automatically preserved a wide range of records regarding Plaintiff's case, (2) the Motions for Records should be denied because they are outside the scope of what the Court is empowered to review under the Social Security Act at 42 U.S.C. § 405(g), and (3) the False Evidence Motion should be denied as it provides no justification for its OIG referral request and is premature as the administrative record has not yet been filed. Comm'r's Resp., ECF No. 14. The Court agrees with the Commissioner.

First, the Court finds Plaintiff's requests for documents beyond the administrative inappropriate in a social security appeal case such as this one. "'[D]iscovery is not usually allowed in social security cases because judicial review

under 42 U.S.C. § 405(g) is limited to a closed administrative record to which neither party may add evidence before the district court.'" *Green v. Comm'r of Soc. Sec.*, No. 8:21-CV-2484-MSS-AAS, 2022 WL 4133120, at *1 (M.D. Fla. Sept. 12, 2022) (collecting cases and quoting *Thao v. Berryhill*, No. 17-cv-325-BBC, 2017 WL 4352089, at *1 (W.D. Wisc. Oct. 2, 2017)); s*ee Haseltine v. Astrue*, 668 F.Supp.2d 1232, 1233 (N.D. Cal. Oct. 29, 2009) ("[E]xtra-record discovery is not appropriate when the court's jurisdiction is to review the administrative record only[.]"). Plaintiff's motions fail to establish that the requested documents were considered by the ALJ but not included in the administrative record, which has yet to be filed. Accordingly, Plaintiff's Motion for Preservation and Motions for Records are denied. Plaintiff must wait until the Commissioner files an answer, with the administrative record, on October 19, 2026.

Second, Plaintiff's False Evidence Motion must also be denied because it is premature as, again, the administrative record has not yet been submitted by the Commissioner. Further, Plaintiff provides no proof that any specific document the Commissioner will file on October 19, 2026 is false.

**CONCLUSION**

As discussed above, Plaintiff's Motion for Preservation (ECF No. 3), Motions for Records (ECF Nos. 4, 5), and False Evidence Motion (ECF No. 11) are **DENIED**.

**SO ORDERED**, this 23rd day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE