**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| R.D.M., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-363-MTT-AGH |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER & RECOMMENDATION

Pending before the Court are Plaintiff's (1) Motion for Judgment on the Pleadings (Motion for Judgment) (ECF No. 16), (2) Notice Regarding the Origin and Authenticity of Purported Objective Medical Evidence (Medical Evidence Notice) (ECF No. 17), (3) Motion for Preservation of SAA Year Filing Records (Preservation Motion) (ECF No. 18), (4) Challenge to the Legal Integrity of the ALJ Decision (Integrity Challenge) (ECF No. 19), and (5) Motion to Compel, for Injunctive Relief, and to Order Jail to Mail Indigent Legal Documents (Handwritten Motion) (ECF No. 20). Based on the following, the Court (1) denies the Medical Evidence Notice, the Preservation Motion, and the Integrity Challenge, (2) recommends the denial of the Motion for Judgment, and (3) strikes the Handwritten Motion.

On August 20, 2026, Plaintiff filed a complaint appealing a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g), providing numerous arguments in support like those a plaintiff might provide in a brief in support of appeal much later

in a social security appeal case (ECF No. 1).[1] Since then, Plaintiff filed the motions, notice, and challenge mentioned above.

In his Motion for Judgment, Plaintiff argues reversal and remand of the Commissioner's decision is required because it was based on an evidentiary record containing medical evidence whose "origin, authenticity, submission, and attribution Plaintiff disputes and does not authenticate." Mot. for J. 1, ECF No. 16. In the Medical Evidence Notice, Plaintiff—for the second time in this case—argues diagnostic conclusions regarding chronic peripheral neuropathy, severe spinal abnormality, and degenerative lower back disc are true, but any other diagnostic examinations or conclusions submitted by the Commissioner are false. Med. Evid. Not. 2, ECF No. 17. Plaintiff also argues that if any such false documents are filed, those documents should be referred to the Office of the Inspector General. *Id.* at 3. In his Preservation Motion, Plaintiff—also for the second time in this case—asks the Court to order the Commissioner to preserve records regarding "(1) Plaintiff's 2016 SSDI claim; and (2) Plaintiff's 2022 SSI claim[.]" Preserv. Mot. 1, ECF No. 18. Plaintiff also seeks the preservation and eventual production of not only documents that would generally be included in an administrative record, but also metadata and similar records not often included in administrative records. *Id.* at 2. In the Integrity Challenge, Plaintiff details many arguments a plaintiff might provide in his brief in support of appeal, which is not yet due in this case. Integrity Challenge, ECF No. 19.

---

[1] A plaintiff's brief in support of appeal is due thirty (30) days after the Commissioner files an answer. *See* Rules 4, 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

Finally, the Handwritten Motion, on its face, concerns Case No. 5:26-cv-259-TES-CHW, not the instant case. Handwritten Mot. 1, ECF No. 20.

The Commissioner argues that (1) the Court should advise Plaintiff that he must comply with Local Rule 9, (2) the Commissioner's deadline to respond to Plaintiff's Complaint is not until October 19, 2026, (3) the Motion for Judgment, Medical Evidence Notice, and Integrity Challenge are premature challenges to the Commissioner's administrative decision, (4) the Preservation Motion is a repeat of a motion this Court already denied earlier in the case, and (5) the Handwritten Motion is unrelated to the instant case and appears to have been incorrectly docketed. Comm'r's Resp. 1, ECF No. 21. The Court agrees with the Commissioner.

First, as this Court has *already* explained, Order, Sept. 23, 2026, ECF No. 15, Plaintiff's requests for documents beyond the administrative record are inappropriate in a social security appeal case such as this one. "'[D]iscovery is not usually allowed in social security cases because judicial review under 42 U.S.C. § 405(g) is limited to a closed administrative record to which neither party may add evidence before the district court.'" *Green v. Comm'r of Soc. Sec.*, No. 8:21-CV-2484-MSS-AAS, 2022 WL 4133120, at *1 (M.D. Fla. Sept. 12, 2022) (collecting cases and quoting *Thao v. Berryhill*, No. 17-cv-325-BBC, 2017 WL 4352089, at *1 (W.D. Wisc. Oct. 2, 2017)); *see also Haseltine v. Astrue*, 668 F. Supp. 2d 1232, 1233 (N.D. Cal. Oct. 29, 2009) ("[E]xtra-record discovery is not appropriate when the court's jurisdiction is to review the administrative record only[.]"). Plaintiff's motion fails to establish that the requested documents were considered by the ALJ but not included in the

administrative record, which was filed well after this motion, on October 19, 2026 (ECF No. 22). Thus, the Preservation Motion is denied.

Second, Plaintiff's Motion for Judgment, Medical Evidence Notice, and Integrity Challenge should also be denied because they are premature as, *again*, they were filed well before the administrative record was filed. *See* M.D. Ga. L.R. 9.

Third, it is apparent that the Handwritten Motion was not intended by Plaintiff to be filed in this case as it pertains to an entirely different case. This motion should be stricken from the record, and be refiled in the correct case, provided below.

## CONCLUSION

For the reasons discussed above, it is **ORDERED** that the Medical Evidence Notice (ECF No. 17), Preservation Motion (ECF No. 18), and Integrity Challenge (ECF No. 19) are **DENIED**. The Handwritten Motion (ECF No. 20) shall be **STRICKEN** from the record and be **REFILED** by the **CLERK** in **Case No. 5:26-cv-259-TES-CHW** in the United States District Court for the Middle District of Georgia, Macon Division. It is also **RECOMMENDED** that the Motion for Judgment (ECF No. 16) be **DENIED**. Plaintiff may include the arguments made in these motions in his brief in support of appeal. *Plaintiff's brief in support of appeal is not due to this Court until* ***November 18, 2026***.

Plaintiff may serve and file a written objection, or seek an extension of time to do so, within FOURTEEN (14) DAYS after being served with a copy of this recommendation and order. *See* 28 U.S.C. § 636(b)(1). Any objection should be no longer than TWENTY (20) PAGES. The district judge shall make a *de novo*

determination of portions of this recommendation and order to which objections are made. All other portions may be reviewed for clear error.

"A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." Eleventh Circ. Rule 3-1.

**SO ORDERED AND RECOMMENDED**, this 30th day of October, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE